GRIMES *v.* STATE

[No. 23, September Term, 1964.]

*Decided September 25, 1964.*

The cause was argued before HENDERSON, C. J., and HAM-
MOND, PRESCOTT, HORNEY and MARBURY, JJ.

*Leonard J. Kerpelman* for appellant.

*Fred Oken, Assistant Attorney General,* with whom were
*Thomas B. Finan, Attorney General, William J. O'Donnell* and
*Andrew J. Graham, State's Attorney* and *Assistant State's At-
torney,* respectively, *for Baltimore City,* on the brief, for ap-
pellee.

PER CURIAM.

The appellant was acquitted of the larceny of an automobile
and certain goods therein, but convicted of receiving stolen
goods (a camera worth less than $100) and unauthorized use
of the automobile. He contends that the court erred in per-
mitting an officer to identify a camera recovered on a pawn
ticket found on the appellant. Both the camera and the ticket

were put in evidence without objection. The camera was also identified by the owner. We find no error here. The officer testified that he received the pawned camera from the broker on presentation of the ticket. It was not hearsay for him to identify it in court.

The contentions that there was insufficient evidence to show that the camera (left in the stolen automobile) was stolen, or that the appellant (seen in the stolen automobile and later apprehended) was not a receiver, are without merit. There is likewise no merit in the contention that there was insufficient evidence to prove unauthorized use.

*Judgment affirmed.*